UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| ERNESTO SEVERINO, Individually and on behalf of all other persons similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>GMAP LOGISTICS LLC,<br><br>Defendant. | ECF CASE<br><br>No.: _____<br><br><u>CLASS AND COLLECTIVE ACTION COMPLAINT</u><br><br>JURY TRIAL DEMANDED |

<u>NATURE OF THE ACTION</u>

1.      Plaintiff Ernesto Severino asserts on behalf himself and other similarly situated current and former employees of Defendant GMAP Logistics LLC, and those who elect to opt into this action under the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 216(b), that Defendant failed to pay them overtime premium pay.

2.      Plaintiff asserts on behalf of himself and other similarly situated current and former employees of Defendant, pursuant to Fed. R. Civ. P. 23 (a) and (b), that Defendant willfully violated the New York Labor Law ("N.Y. Lab. Law") by: (i) failing to pay overtime; (ii) failing to provide the Notice and Acknowledgement of Payrate and Payday under N.Y. Lab. Law § 195.1; and (iii) failing to provide an accurate wage statement under N.Y. Lab. Law § 195.3 with every wage payment.

3.      Plaintiff asserts on behalf of himself that Defendant retaliated against him in violation of the FLSA and the N.Y. Lab. Law.

<u>JURISDICTION AND VENUE</u>

4.      This Court has subject matter jurisdiction over this matter under 28 U.S.C. §§ 1331 and 1337, 1343, and supplemental jurisdiction over Plaintiff's state law claims

under 28 U.S.C. § 1367. In addition, the Court has jurisdiction over Plaintiff's FLSA claims under 29 U.S.C. § 216(b).

5.    Venue is proper in this District under 28 U.S.C. §§ 1391(b)(1) and (2).

6.    This Court is empowered to issue a declaratory judgment under 28 U.S.C. §§ 2201 and 2202.

<u>THE PARTIES</u>

7.    Plaintiff was, at all relevant times, an adult individual residing in Bronx, New York.

8.    Upon information and belief, Defendant is a domestic limited liability company that is organized under New York law and is authorized to do business in the State of New York.  Defendant has registered the following address with the New York State Department of State, Division of Corporations, to receive service of process: 2074 Richmond Terrace, Staten Island, New York 10302.

9.    Defendant is, upon information and belief, an enterprise engaged in commerce or in the production of goods for commerce. Defendant is engaged in commerce or in the production of goods for commerce, because, *inter alia*, it has employees that handle goods and materials that have been produced for and moved in commerce, and, upon information and belief, its annual gross volume of business is at least $500,000. These goods and materials that have been produced for and moved in commerce, which its employees have handled, including its trucks and computers.

10.    At any given time, Defendant has had more than 40 employees.

## STATEMENT OF FACTS

Overview

11.     Defendant contracts with third parties to make deliveries to commercial and residential recipients.

12.     Defendant employs at least 40 delivery drivers at any given time, with as many as 90 drivers employed in the last three years.

13.     Defendant employed Plaintiff as a delivery driver from December 15, 2024 to February 12, 2025.

14.     As a delivery driver, Plaintiff made deliveries according to Defendant's instructions, due in part to Defendant's contracts with companies like Door Dash.

15.     Throughout his employment, Plaintiff drove a truck that weighed less than 10,000 pounds, loaded or unloaded.

16.     Plaintiff and other delivery drivers were not exempt from overtime pay, and thus owed overtime premiums for hours worked over 40 in a week.

Work Schedule

17.     Plaintiff worked five days a week, sometimes as much as 11 hours a day, with no 30-minute lunch break.

18.     Plaintiff worked 10 or more hours a day two to three times per week, and worked up to eight hours a day on the remaining days each week.

19.     Plaintiff worked over 40 hours a week, up to 50 hours total, for at least two weeks a month.

20.     Defendant would falsify Plaintiff's time records to display at most eight hours worked per day.

21.    Whenever Plaintiff worked more than 8 hours in a day, Defendant would either attribute those hours in excess of eight to another day on which Plaintiff worked less than eight hours (which was rare) or omit those hours completely in order to have records that falsely showed that Plaintiff supposedly never worked more than eight hours a day or 40 hours a week.

22.    Defendant did this to deprive Plaintiff of overtime premium pay.

23.    Plaintiff knows from personal conversations and observations that other delivery drivers, who Defendant employed, worked the same hours as he did and were subject to the same illegal timekeeping policies.

Defendant's Compensation Policies

24.    Defendant paid Plaintiff $21 per hour for hours worked up to 40 in a week.

25.    Defendant did not pay Plaintiff any compensation for hours he worked above 40 in a week.

26.    Defendant did not pay Plaintiff overtime premium pay for any time he worked more than 40 hours in a week.

27.    Plaintiff knows from personal conversations and observations that other delivery drivers who Defendant employed were paid the same way that he was paid.

28.    All of Defendant's delivery drivers are employed in non-exempt positions and entitled to overtime premium pay.

Defendant' Recordkeeping Policies

29.    When hiring him and at no point during his employment has Defendant provided Plaintiff with an accurate Notice and Acknowledgment of Payrate and Payday under N.Y. Lab. Law § 195.1.

30.    Defendant did not provide Plaintiff with accurate wage statements under N.Y. Lab. Law § 195.3 with every wage payment because every statement lacked documentation for the hours and pay withheld for overtime.

31.    Plaintiff knows from personal conversations that other delivery drivers who Defendant employed were not provided with accurate wage notices or wage statements, further violating N.Y. Lab. Law §§ 195.1 and 195.3.

32.    Defendant's failure to provide their delivery drivers with accurate wage notices and wage statements deprived them of the information necessary for reviewing their wages and hours worked and was a direct cause for their economic injury and, in fact, resulted in their wages being underpaid.

33.    If Defendant had complied with the N.Y. Lab. Law §§ 195.1 and 195.3 requirements, its delivery drivers would have been able to see that they were not being lawfully paid and would have been able to avoid underpayment of their wages.

34.    Defendant knowingly violated the N.Y. Lab. Law and FLSA with the explicit purpose or reducing its labor costs.

Defendant Unlawfully Terminated Plaintiff

35.    Throughout Plaintiff's employment, he and other delivery drivers complained several times about not being paid overtime premium. Defendant insisted, falsely, that its practices were lawful.

36.    In January 2025, Plaintiff suffered a car accident while driving Defendant's company vehicle. The crash caused him severe discomfort in his neck and shooting pains throughout his neck and back.

37.    Plaintiff was forced to miss about two weeks of work while he recovered, and returned to work in early February 2025.

38.    On February 12, 2025, a person not employed by Defendant started an altercation with him outside Defendant's facility after cutting off Plaintiff in the parking lot by yelling and cursing at Plaintiff.

39.    Plaintiff was confused at the altercation as this person had cut him off, and no person or car was harmed from the momentary interaction.

40.    Later that day, Defendant fired Plaintiff because he supposedly did not report this altercation and this amounted to "gross misconduct" within 90 days of hire.

41.    However, this rationale is mere pretext to conceal the real reason Plaintiff was terminated: his complaints of Defendant failing to pay overtime wages.

42.    As a result of Defendant's unlawful actions, Plaintiff has suffered and continues to suffer, *inter alia*, loss of wages, emotional distress, mental anguish, emotional pain, physical pain and suffering, inconvenience, and loss of enjoyment of life.

## CLASS ACTION ALLEGATIONS

43.    Plaintiff asserts these allegations and claims on his own and on behalf of a class of persons under Fed. R. Civ. P. 23(a), (b)(2) and (b)(3):

> All persons whom Defendant employ and has employed as delivery drivers at any time since April 15, 2019 (the "Class Members").

44.    The Class Members identified above are so numerous that joinder of all members is impracticable. Although the precise number of such persons is unknown, and the facts on which the calculation of that number are presently within Defendant's sole control, upon information and belief, more than 40 Class Members exist.

45.    Plaintiff's claims are typical of the Class Members', and a class action is superior to other available methods for the fair and efficient adjudication of the controversy, particularly in the context of wage and hour litigation where individual plaintiffs lack the financial resources to vigorously prosecute a lawsuit in federal court against a corporate defendant.

46.    Defendant has acted or refused to act on grounds generally applicable to the Class Members, making appropriate final injunctive relief or corresponding declaratory relief with respect to the Class Members.

47.    Plaintiff is committed to pursuing this action and has retained competent counsel experienced in employment law, wage and hour law, and class action litigation.

48.    Plaintiff has the same interest in this matter as all other Class Members and their claims are typical of Class Members'.

49.    Common questions of law and fact exist as to the Class Members that predominate over any questions solely affecting the individual Class Members, including:

a.    Whether Defendant employed Plaintiff and the Class Members within the meaning of the N.Y. Lab. Law;

b.    What proof of hours worked is sufficient where employers fail in their duty to maintain time records;

c.    Whether Defendant paid Plaintiff and the Class Members overtime premiums;

d.    Whether Defendant failed to provide Plaintiff and the Class Members with accurate Notices and Acknowledgement of Payrate and Payday under N.Y. Lab. Law § 195.1;

e.     Whether Defendant failed to provide Plaintiff and the Class Members with accurate wages statements under N.Y. Lab. Law § 195.3;

f.     Whether Defendant failed to post or keep posted a notice explaining the overtime pay rights provided under the N.Y. Lab. Law in any area where Plaintiff and the Class Members are employed;

g.     Whether Defendant is liable for all damages claimed hereunder, including but not limited to, interest, costs and disbursements and attorneys' fees; and

h.     Whether Defendant should be enjoined from such violations of the N.Y. Lab. Law in the future.

## COLLECTIVE ACTION ALLEGATIONS

50.     Under 29 U.S.C. § 206, Plaintiff seeks to assert these allegations and claims as a collective action:

> All persons whom Defendant employ and has employed as delivery drivers at any time since April 15, 2022 to the entry of judgment in this case (the "Collective Action Members").

51.     Plaintiff and the Collective Action Members are similarly situated on several legal and factual issues, including:

a.     Defendant employed the Collective Action Members within the meaning of the FLSA;

b.     Collective Action Members performed similar duties;

c.     Defendant willfully or recklessly violated the FLSA;

d.     Defendant should be enjoined from such violations of the FLSA in the future; and

e.     The statute of limitations should be estopped or equitably tolled due to Defendant's statutory violations.

FIRST CAUSE OF ACTION
UNPAID OVERTIME UNDER THE FLSA
(On Behalf of Plaintiff and the Collective Action Members)

52.     Plaintiff realleges every preceding allegation as if set forth fully herein.

53.     Plaintiff consents, through counsel, to be a party to this action under 29 U.S.C. §216(b).

54.     Defendant employed, and/or continues to employ, Plaintiff and the Collective Action Members within the meaning of the FLSA.

55.     Defendant has been, and continues to be, an employer engaged in interstate commerce and/or the production of goods for commerce under the FLSA, 29 U.S.C. §§ 206(a) and 207(a).

56.     Defendant was required to pay Plaintiff and the Collective Action Members no less than 1.5 times the regular rate at which they were employed for all hours worked in excess of 40 hours in a workweek under the overtime wage provisions set forth in the FLSA, 29 U.S.C. §§ 201 *et seq.*, including 29 U.S.C. §§ 207(a)(1) and 215(a).

57.     At all relevant times, Defendant had a policy and practice of refusing to pay Plaintiff and the Collective Action Members the proper overtime compensation to their employees for their hours worked in excess of 40 hours per workweek.

58.     Defendant was aware or should have been aware that the practices described in this Complaint were unlawful, making their violations willful or reckless.

59.     Defendant has not made a good faith effort to comply with the FLSA with respect to Plaintiff and the Collective Action Members' compensation.

60.     Defendant has failed to make, keep and preserve records with respect to their employees sufficient to determine the wages, hours, and other conditions and practices of employment, violating the FLSA, 29 U.S.C. §§ 201, 207(a)(1) and 215(a).

61.     Due to Defendant's FLSA violations, Plaintiff and the Collective Action Members are entitled to recover from Defendant their unpaid wages, liquidated damages, reasonable attorneys' fees, costs, pre- and post-judgment interest, and any other legal and equitable relief as this Court deems just and proper.

<u>SECOND CAUSE OF ACTION</u>
FAILURE TO PAY OVERTIME PREMIUM PAY
UNDER THE N.Y. LAB. LAW
(On Behalf of Plaintiff and the Class Members)

62.     Plaintiff realleges every preceding allegation as if set forth fully herein.

63.     Defendant is an "employer" under N.Y. Lab. Law §§ 190, 196-d, 651(5), 652 and supporting New York State Department of Labor Regulations and employed Plaintiff and the Class Members.

64.     Under the N.Y. Lab. Law and supporting New York Statement Department of Labor Regulations, Defendant was required to pay Plaintiff and the Class Members 1.5 times their regular rate of pay for all hours they worked in excess of 40 per workweek. 12 N.Y.C.R.R. § 142-2.2; N.Y. Lab. Law §§ 652, 650 *et seq.*

65.     Defendant willfully violated the N.Y. Lab. Law by knowingly and intentionally failing to pay the Class Members the correct amount of overtime wages.

66.     Due to Defendant's N.Y. Lab. Law violations, Plaintiff and the Class Members are entitled to recover from Defendant their unpaid wages, liquidated damages, reasonable attorneys' fees, costs, pre- and post-judgment interest, and such other legal and

equitable relief as this Court deems just and proper.

THIRD CAUSE OF ACTION
FAILURE TO PROVIDE 195.1 NOTICE
UNDER THE N.Y. LAB. LAW
(On Behalf of Plaintiff and the Class Members)

67.     Plaintiff realleges every preceding allegation as if set forth fully herein.

68.     Defendant willfully failed to supply Plaintiff and the Class Members with the required Notice and Acknowledgement of Pay Rate and Payday under N.Y. Lab. Law § 195.1(a) within 10 business days of their first employment date.

69.     Due to Defendant's violations of N.Y. Lab. Law § 195.1, Plaintiff and the Class Members are entitled to recover from Defendant $50.00 for each workday that the violations occurred or continue to occur, or a total of $5,000.00, reasonable attorneys' fees, costs, injunctive and declaratory relief. N.Y. Lab. Law § 198(1)-b (2016).

FOURTH CAUSE OF ACTION
FAILURE TO PROVIDE 195.3 WAGE STATEMENT
UNDER THE N.Y. LAB. LAW
(On Behalf of Plaintiff and the Class Members)

70.     Plaintiff realleges every preceding allegation as if set forth fully herein.

71.     Defendant has willfully failed to supply Plaintiff and the Class Members with the required accurate wage statements with every payment of wages, violating N.Y. Lab. Law § 195.3.

72.     Due to Defendant's violations of N.Y. Lab. Law § 195.3, Plaintiff and the Class Members are entitled to recover from Defendant $100.00 for each work week that the violations occurred or continue to occur, or a total of $5,000.00, as provided for by N.Y. Lab. Law § 198(1)-d, reasonable attorneys' fees, costs, injunctive and declaratory relief.

## FIFTH CAUSE OF ACTION
## RETALIATION UNDER THE FLSA
(Brought on Behalf of Plaintiff)

73.     Plaintiff realleges every preceding allegation as if set forth fully herein.

74.     Plaintiff is an employee under 29 U.S.C. § 215(a)(3).

75.     Defendant is an employer under 29 U.S.C. § 215(a)(3).

76.     Plaintiff's complaints to Defendant about its failure to pay overtime wages constitute protected activity under the FLSA.

77.     Defendant willfully terminated Plaintiff for complaining about its unlawful wage policies, violating 29 U.S.C. § 215(a)(3).

78.     Due to Defendant's FLSA violations, Plaintiff is entitled to recover from compensatory damages, punitive damages, reasonable attorneys' fees, costs, and such other legal and equitable relief as this Court deems just and proper.

## SIXTH CAUSE OF ACTION
## RETALIATION UNDER THE N.Y. LAB. LAW
(Brought on Behalf of Plaintiff)

79.     Plaintiff realleges every preceding allegation as if set forth fully herein.

80.     Plaintiff is an employee under N.Y. Lab. Law § 215.

81.     Defendant is an employer under N.Y. Lab. Law § 215.

82.     Plaintiff's complaints to Defendant about its failure to pay overtime wages constitute protected activity under the N.Y. Lab. Law.

83.     Defendant willfully terminated Plaintiff for complaining about unlawful wage policies, violating N.Y. Lab. Law § 215.

84.     Due to Defendant' N.Y. Lab. Law violations, Plaintiff is entitled to recover compensatory damages, punitive damages, reasonable attorneys' fees, costs, and such other

legal and equitable relief as this Court deems just and proper.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff, on his behalf and the Class and Collective Action Members, respectfully requests this Court grant the following relief:

a.      Certifying this action as a class action under Fed. R. Civ. P. 23(b)(2) and (3) on behalf of the Class Members and appointing Plaintiff and his counsel to represent the Class Members;

b.      Designating this action as a collective action on behalf of the Collective Action Members and prompt issuance of notice under 29 U.S.C. § 216(b) to all similarly situated members of an FLSA opt-in collective action, apprising them of the pendency of this action, permitting them to assert timely FLSA claims in this action by filing individual Consents to Sue under 29 U.S.C. § 216(b) and appointing Plaintiff and his counsel to represent the Collective Action Members and tolling of the statute of limitations;

c.      A declaratory judgment that the practices complained of herein are unlawful under the FLSA and the N.Y. Lab. Law;

d.      An injunction against Defendant and its officers, agents, successors, employees, representatives and any and all persons acting in concert with them, as provided by law, from engaging in each of the unlawful practices, policies and patterns set forth herein;

e.      An award for unpaid overtime under the FLSA and N.Y. Lab. Law;

f.      An award for failing to provide the N.Y. Lab. Law § 195.1 Notice;

g.      An award for failing to provide the N.Y. Lab. Law § 195.3 Wage Statements;

   h. An award of liquidated damages as a result of Defendant's N.Y. Lab. Law violations;

   i. An award of liquidated damages as a result of Defendant's willful FLSA violations;

   j. Equitably tolling the statute of limitations under the FLSA;

   k. An award of pre-judgment and post-judgment interest;

   l. An award of costs and expenses of this action together with reasonable attorneys' and expert fees; and

   m. Such other and further relief as this Court deems just and proper.

  WHEREFORE, Plaintiff on behalf of himself respectfully requests this Court grant the following relief:

   a. A declaratory judgment that the practices complained of herein are unlawful under the FLSA and the N.Y. Lab. Law;

   b. An award for compensatory damages and punitive under the and FLSA and the N.Y. Lab. Law;

   c. An award of pre-judgment and post-judgment interest;

   d. An award of costs and expenses of this action together with reasonable attorneys' and expert fees; and

   e. Such other and further relief as this Court deems just and proper.

<u>DEMAND FOR TRIAL BY JURY</u>

  Pursuant to Fed. R. Civ. P. 38(b), Plaintiff demands a trial by jury on all questions of fact the Complaint raises.

Dated: New York, New York
        April 15, 2025

                        LIPSKY LOWE LLP

                        s/ Douglas B. Lipsky
                        Douglas B. Lipsky
                        Frank J. Tantone
                        420 Lexington Avenue, Suite 1830
                        New York, New York 10017-6705
                        212.392.4772
                        doug@lipskylowe.com
                        frank@lipskylowe.com
                        *Attorneys for Plaintiff*
                        *and all other persons similarly situated*